IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS,

                Plaintiff,

v.

SEAN SUTTINGTON,

                Defendant.

Case No. 26-CV-2297-EFM-JBW

**ORDER GRANTING MOTION TO PROCEED**
**WITHOUT PREPAYMENT OF FEES**
**and**
**REPORT AND RECOMMENDATION**

Defendant Sean Suttington filed a Notice of Removal (Dkt. 1) seeking to remove his state court criminal case from the District Court of Wyandotte County, Kansas (Case No. WY-2025-CR-000984) to this Court. This matter is before the Court on Mr. Suttington's Motion to Proceed Without Prepayment of Fees (Dkt. 3). He requests permission to proceed without prepayment of the filing fee for commencing this civil action under 28 U.S.C. § 1915.

**I.**      **Motion to Proceed Without Prepayment of Fees**

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section

---

[1] 28 U.S.C. § 1915(a)(1).

1915 lies within the "wide discretion" of the trial court.[2]

Mr. Suttington submitted a financial affidavit (Dkt. 3-1) along with his motion. A review of Mr. Suttington's financial affidavit satisfies the Court that he has shown an inability to pay the filing fee and is therefore entitled to file this removal action without payment of fees and costs. The Court therefore grants Mr. Suttington's motion and grants him leave to proceed *in forma pauperis*. His notice of removal may be filed without payment of the filing fee.

## II.      Report and Recommendation

The procedure for removal of a state court criminal prosecution is set forth in 28 U.S.C. § 1455. Subsection (b)(4) directs the federal court to "examine the notice promptly" and "[i]f it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand."[3] The Court notes that Mr. Suttington recently made an unsuccessful attempt to remove the same state court criminal case. The notice of removal he previously filed initiating D. Kan. Case No. 26-3128 was screened and the case dismissed *sua sponte* the day after it was filed. Judge Lungstrum found several deficiencies with the notice of removal, including that it failed to state any grounds for removal, provided no authority for removing a criminal case after sentencing and while the case is pending on appeal, and was untimely. Mr. Suttington also failed to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as required by 28 U.S.C. § 1455(a).[4]

---

[2] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005).

[3] 28 U.S.C. § 1455(b)(4).

[4] *See* Mem. & Order (Dkt. 2) filed in *State of Kansas v. Suttington*, Case No. 26-3128-JWL (D. Kan. May 14, 2026).

Mr. Suttington's notice of removal commencing this action on May 19, 2026 suffers many of the same deficiencies noted in his prior dismissed case and described in detail in Judge Lungstrum's May 14, 2026 Memorandum and Order. Notably, it fails to state any grounds for removal, provides no authority for removing a criminal case after sentencing and while the case is pending on appeal, and is untimely.

A review of the Kansas District Court docket confirms that Mr. Suttington's criminal case is still pending on appeal.[5] The December 15, 2025 Minute Entry reflects that Mr. Suttington pleaded guilty to Interference with Parental Custody. Mr. Suttington filed a pro se notice of appeal on December 29, 2025. A Kansas Sentencing Guidelines Journal Entry of Judgment was signed on January 27, 2026, and entered on January 29, 2026. Mr. Suttington's attorney filed a notice of appeal regarding the sentence on January 27, 2026. Mr. Suttington filed his notice of removal in the state court case on May 19, 2026.

Under 28 U.S.C. § 1443, a state criminal defendant may remove a state criminal case to a federal district court if the defendant "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States."[6] "To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal

---

[5] *See State of Kansas v. Suttington*, Case No. WY-2025-CR-000984 (Wyandotte Cnty. Kan. Dist. Ct.).

[6] 28 U.S.C. § 1443(1).

civil rights in his state court criminal proceedings."[7] In addition, the removal of state-court civil or criminal actions to federal court is permissible where the action is against a federal officer,[8] or a member of the armed forces.[9]

Mr. Suttington's three-page notice of removal does not state any of the enumerated grounds for removal. He makes vague reference to the state court's attack on the bond between him and his son and the general statements:

> [T]here's a lot of colored people like myself who are fathers that are incarcerated before trial, it has become a custom; for this type of Due Process, to arrest and hold the accused until the end of trial, which is displacing the children, and punishing the people who are mostly fathers, why are we being accused and not properly served by the services that have been set in place to help the people. In this case you will see the pattern of custom of the county, which has systems in place immediately attacking the people; for example those in the court are all working for the state; the probation office, prosecutor, child support, DCF and immediately come viciously with paper work that will subject the people usurping the power of the people; no mistaking in this case there was nothing in my case to correct any wrongdoing but the officers continue their damages without due diligence and research over some fathers life who is a stranger to them.[10]

Mr. Suttington's statements above fail to identify any federal right arising under a specific law or statute protecting racial equality that would constitute grounds for removal of his state court criminal case. Section 1455 requires a notice of removal of criminal prosecutions to "include all grounds for such removal" and provides that "[a] failure to state grounds that exist at the time of

---

[7] *Massachusetts v. Libertad*, No. 22-10131-DJC, 2022 WL 479799, at *2 (D. Mass. Feb. 16, 2022) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecutions where defendant is denied equal civil rights)).

[8] *See* 28 U.S.C. § 1442.

[9] *See* 28 U.S.C.§ 1442a.

[10] Notice of Removal (Dkt. 1).

the filing of the notice shall constitute a waiver of such grounds."[11] A second notice may be filed "only on grounds not existing at the time of the original notice."[12]

Mr. Suttington also provides no authority for removing a criminal case after sentencing and while the case is pending on appeal. The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.[13]

Critically, 28 U.S.C. § 1455 refers to criminal "prosecutions," consistent with the notion that the point of removal is to have the trial go forward in federal, rather than state, court.[14] "That is reflected in the requirement that a notice of removal must generally be filed no later than thirty days after the arraignment in state court."[15] "[T]he statute clearly does not contemplate removal of

---

[11] 28 U.S.C. § 1455(b)(2).

[12] *Id.*

[13] 28 U.S.C. § 1455(b)(1).

[14] *Miller v. Louisiana*, No. 18-14251, 2019 WL 1293273, at *2 (E.D. La. Mar. 1, 2019), R. & R. adopted, 2019 WL 1277522 (E.D. La. Mar. 20, 2019).

[15] *Id.*

a case *after* conviction."[16] Even though the Court's order dismissing Mr. Suttington's prior case explained this deficiency, his current notice of removal still does not provide any legal authority for removal after sentencing and while the case is pending on appeal. Mr. Suttington's notice of removal is therefore untimely.

Finally, Mr. Suttington fails to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as required by 28 U.S.C. § 1455(a). He appears to recognize this deficiency, stating in his notice that he "need[s] all the filings for this case." However, he is responsible for getting the required state court records and has not done so.

After prompt examination of the notice of removal in accordance with the 28 U.S.C. § 1455(b)(4), the Court finds it "clearly appears on the face of the notice . . . that removal should not be permitted." However, rather than an order for summary remand, the posture of this case is such that remand is not necessary and the case should be dismissed.

## NOTICE

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), a party may file a written objection to this Report and Recommendation. A party must file any objections within

---

[16] *Id.* (emphasis in original) (citing *Smith-El v. Louisiana*, No. 16-cv-1310, 2016 WL 8900203, at *1 (W.D. La. Sept. 27, 2016), R. & R. adopted, 2017 WL 1821111 (W.D. La. May 3, 2017)). *See also New Hampshire v. Woodham,* No. 21-cr-128-JL, 2022 WL 1432069, at *2 (D. N.H. April 6, 2022), R. & R. adopted, 2022 WL 1423608 (D. N.H. May 4, 2022) ("A state court criminal defendant may remove a state court 'criminal prosecution[]' to federal district court in the district 'within which such prosecution is pending.'"); *Barber v. Vance*, No. 3:16-cv-2105, 2019 WL 267874, at *2 (D. Ore. Jan. 18, 2019) ("[Plaintiff's] criminal case is finished at the state trial court level and removal to [the federal] trial court is improper after the case is closed (and untimely, because he would have needed to file a petition of removal within 30 days of his arraignment."); and 8A Fed. Proc., L. Ed. § 22:59 ("The general rule is that a criminal prosecution can be removed from a state to a federal court only after indictment and before trial.").

the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**IT IS THEREFORE ORDERED** that Mr. Suttington's Motion to Proceed Without Prepayment of Fees (Dkt. 3) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED**.

IT IS SO ORDERED.

A copy of this Order and Report and Recommendation shall be mailed to Mr. Suttington.

Dated June 4, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge