**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE OF KANSAS,<br>*Plaintiff,*<br>v.<br>SEAN SUTTINGTON,<br>*Defendant.* | Case No. 2:26-cv-02297-AWM-JBW |

## MEMORANDUM AND ORDER

Defendant Sean Suttington filed a notice of removal seeking to remove his state-court criminal case, *State v. Suttington*, No. WY-2025-CR-000984 (Wyandotte Cnty., Kan., Dist. Ct.), to this Court. Doc. 1.[1] After the prompt examination that 28 U.S.C. § 1455(b)(4) requires, United States Magistrate Judge Jennifer B. Wieland issued a Report and Recommendation concluding that it clearly appears on the face of the notice that removal should not be permitted, and recommending that the case be dismissed. Doc. 7 at 6–7. Defendant filed an objection and two supplements. Docs. 14, 15, 16.[2] Having reviewed the notice of removal, the state-court records filed with it (Doc. 4), the Report and Recommendation, and each of his filings, the Court has determined that Judge Wieland's analysis and conclusions of law are correct. The Court therefore overrules the objections and adopts the Report and Recommendation.

The Court reviews de novo any part of a recommended disposition that is "properly objected to," and it "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Defendant's objection

[1] Defendant proceeds pro se. The Court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers, but it does not assume the role of his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Three mailings of the Report and Recommendation to addresses Defendant provided were returned undelivered, so Judge Wieland directed the Clerk's office to email it to him on July 9, 2026, at the address at which he receives electronic notices in Case No. 26-2030 and reminded him of the fourteen-day objection period. Docs. 9, 13; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). His objection followed on July 10 and his supplements on July 17. Because the objections fail on their merits, the Court need not decide whether they were timely, and it has considered all three filings. The Report and Recommendation was entered at Doc. 5 and refiled at Doc. 7 for administrative purposes; the Court cites Doc. 7.

and supplements mostly restate his grievances against the state prosecution—claims of trust and sovereign status, judicial bias, ineffective assistance of counsel, and due-process violations—that have no bearing on whether the case may be removed. *See* Docs. 14–16. Two grounds independently defeat removal.

First, removal came far too late. A notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," absent leave granted for good cause. 28 U.S.C. § 1455(b)(1). Defendant pleaded guilty on December 15, 2025, and judgment was entered on January 29, 2026—nearly four months before he filed his notice of removal. Doc. 7 at 3; *see* Doc. 4 at 21. He responds that, as a non-lawyer, he did not know how or when to remove, Doc. 14 at 2, 4–5; Doc. 15 at 6; that his appointed counsel ignored his requests to take the case to federal court, Doc. 14 at 2; Doc. 15 at 4; and that the 30-day limit applies only "generally" and so does not bind him, Doc. 14 at 2–3. The last point misreads the Report and Recommendation: "generally" there refers to the statute's good-cause exception, not to some class of defendants whom the deadline does not reach. Doc. 7 at 5; *see* 28 U.S.C. § 1455(b)(1) (notice "shall be filed" within 30 days, "except that for good cause shown" the court may permit a later filing). And none of it helps him. The good-cause exception extends the time to remove a pending prosecution; it does not make removable one that has already ended in a judgment of conviction. *See* 28 U.S.C. § 1455(b)(3) (once a notice is filed, "a judgment of conviction shall not be entered unless the prosecution is first remanded").

Second, the notice states no ground on which a criminal prosecution may be removed. Defendant is not a federal officer, a person assisting one, or a member of the armed forces. *See* 28 U.S.C. §§ 1442(a)(1), 1442a, 1443(2); *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966) (§ 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties"). That leaves § 1443(1), which requires him to show both that the right he claims arises under a

federal law "providing for specific civil rights stated in terms of racial equality," and that he is denied or cannot enforce that right in the state courts—ordinarily by pointing to a formal state law barring its enforcement, not to how his own case has been handled. *Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Allegations that the charges were baseless, that officials acted corruptly, or that the prosecution "otherwise denied [him his] constitutional rights" do not suffice. *Id.* at 222. That is essentially all the notice and the objections offer. His passing references to § 1981, racism, and the Fourteenth and Fifteenth Amendments, Doc. 1 at 2; Doc. 16 at 4, 7, identify no racial-equality right that he is being denied, and he points to no formal expression of state law barring enforcement of any such right.

This was Defendant's second attempt to remove the same prosecution; the first was dismissed for the same deficiencies. *Kansas v. Suttington*, No. 26-3128-JWL, Doc. 2 (D. Kan. May 14, 2026). And as Judge Wieland recommends, dismissal rather than summary remand fits the posture of this case, in which judgment was entered months before removal was attempted. Doc. 7 at 6; *cf. Kansas v. Gilbert*, Nos. 22-3213 & 22-3230, 2023 WL 2397025, at *1 (10th Cir. Mar. 8, 2023) (unpublished) (affirming dismissal, rather than summary remand, of attempts to remove closed state criminal cases).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's objections to the Report and Recommendation (Docs. 14, 15, and 16) are **OVERRULED**.

**IT IS FURTHER ORDERED BY THE COURT** that Judge Wieland's Report and Recommendation (Doc. 7) is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED BY THE COURT** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment accordingly and to close the case. The Clerk shall email a copy of this Memorandum and Order to

Defendant at the email address at which he receives electronic notices in Case No. 26-2030.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge